UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN YOUNG,

        Petitioner,

                                             CIVIL ACTION NO. 05-CV-71743-DT
v.                                            HONORABLE MARIANNE O. BATTANI

HUGH WOLFENBARGER,

        Respondent.
                                     /

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      Petitioner Sean Young, a state prisoner currently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. This matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition as untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**I.**     **Facts and Procedural History**

      Petitioner was convicted of first-degree felony murder, armed robbery, and possession of a firearm during the commission of a felony following a jury trial in the Recorder's Court for the City of Detroit in 1989 and was sentenced to life imprisonment without the possibility of parole,

a concurrent term of 40 to 60 years imprisonment, and a consecutive term of two years imprisonment on those convictions. Petitioner filed an appeal as of right with the Michigan Court of Appeals, which vacated his armed robbery conviction and sentence, but affirmed his remaining convictions. *People v. Young*, No. 122608 (Mich. App. March 12, 1993). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Young*, 444 Mich. 948, 514 N.W.2d 762 (Feb. 1, 1994).

On October 7, 1999, Petitioner filed a motion for relief from judgment with the state trial court, which was denied. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Young*, No. 226890 (Mich. App. Dec. 8, 2000) (trial court docket sheet filing date of Feb. 16, 2001). Petitioner did not seek leave to appeal this decision with the Michigan Supreme Court. *See* Affidavit of Michigan Supreme Court Clerk Corbin R. Davis, dated 10/12/05.

On July 17, 2002, Petitioner filed a second motion for relief from judgment with the state trial court, which was denied. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction. *People v. Young*, No. 247084 (Mich. App. June 2, 2003). Petitioner also filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Young*, 469 Mich. 986, 673 N.W.2d 762 (Dec. 30, 2003).

Petitioner submitted his present federal petition for writ of habeas corpus to prison officials on March 17, 2005 and authorized payment of the filing fee on March 28, 2005. The Court filed the petition on May 3, 2005. In his pleadings, Petitioner raises claims concerning the jury instructions, the effectiveness of trial and appellate counsel, the voluntariness of his police

statement, and the legality of his arrest. Respondent filed the instant motion for summary judgment on November 9, 2005 asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion asserting that his petition is timely.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003), *cert. den. Caruso v. Abela*, _ U.S. _, 124 S. Ct. 2388 (2004). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his first state court motion for relief from judgment until October 7, 1999. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

In his response to the motion for summary judgment, Petitioner asserts that he submitted

4

a motion for new trial for mailing to the state trial court on April 1, 1996. He also asserts that he submitted a motion for remand on October 15, 1997. Petitioner has attached a photocopy of a proof of service for a motion for new trial dated April 1, 1996 in support of his assertions. The state trial court docket sheet, however, is devoid of any record of such filings. Additionally, the state trial court made no reference to any previously-submitted motions in its decision denying Petitioner's 1999 motion for relief from judgment. *Cf. Walker v. Smith*, 360 F.3d 561, 563-64 (6th Cir. 2004) (absence of post-conviction motion on state trial court's docket sheet was not dispositive on issue of whether motion was "properly filed" where trial court ordered prosecution to respond to the motion and subsequently decided merits of the motion). The Michigan courts have declined to adopt the mailbox rule to the filing of state court pleadings. *See Walker-Bey v. Dept. of Corrections*, 222 Mich. App. 605, 606 (1997). Accordingly, it cannot be said that any pleadings Petitioner gave to prison officials in 1996 or 1997 were "properly filed" for purposes of tolling the one-year limitations period. The one-year grace period thus expired on April 24, 1997. Petitioner's subsequent state court post-conviction collateral proceedings did not toll the running of the statute of limitations as the one-year period had already concluded.

      Moreover, even if Petitioner's 1996 and 1997 state court motions are considered "properly filed" and operate to either statutorily or equitably toll the statute of limitations, his habeas petition is still untimely. If those motions remained pending in the state trial court until the court ruled upon Petitioner's 1999 motion for relief from judgment, the one-year limitations period was tolled until the Michigan Court of Appeals denied leave to appeal on December 8, 2000 with a filing date of February 16, 2001. Petitioner then had 56 days in which to seek leave

5

to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(3). He did not do so. The one-year period was thus tolled until, at the latest, April 13, 2001. Petitioner then had one-year in which to file his federal habeas petition or seek further collateral review in the state courts. He did not file his second motion for relief from judgment with the state trial court until July 17, 2002. Thus, the one-year limitations period expired well before Petitioner sought further state collateral review.

Petitioner does not allege or establish that the state created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights. His habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642

6

(quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances which caused him to institute his state court collateral proceedings or to file his habeas petition after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."

*Bousley*, 523 U.S. at 623.  Petitioner has made no such showing.  He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

**III.     Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied that jurists of reason could not find the Court's procedural ruling debatable.  No certificate of appealability is warranted in this case.  Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: January 13, 2006